UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT OBRIEN,** § § § | |
| **Plaintiff,** § | |
| § | **Case No.:** |
| v. § | |
| § | |
| **THE METHODIST HOSPITAL.** § | |
| § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** § | |
| § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff, ROBERT OBRIEN, through his undersigned attorneys, and complains of THE METHODIST HOSPITAL and files this Original Complaint showing the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981, on the basis of sex under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and on the basis of age under 29 U.S.C. § 621.

3. This action seeks compensatory and punitive damages, lost wages (past, present, and future), attorneys' fees, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

4. Plaintiff Robert OBrien is a resident of Houston, Texas.

5. Defendant The Methodist Hospital is a Texas corporation which transacts business in Texas. Defendant The Methodist Hospital may be served with process by mail or in person on its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## VENUE

6. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because Plaintiff worked in Houston, Texas and the Defendant conducted business in Texas, as required under 28 U.S.C. §1391.

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under 42 U.S.C. §2000e, *et seq.*

8. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff. Plaintiff was fired in May 2019 and filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") in Houston.

10. The EEOC in Houston issued a Notice of Right to Sue letter from the EEOC on September 3, 2020, entitling Plaintiff to file suit based on race, sex, and age discrimination.

11. This lawsuit has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

12. Plaintiff worked for Defendant from February 28, 2011 to May 2019, when Defendant terminated Plaintiff's employment. At the time of his termination, Plaintiff's title was HLA Specialist.

13. Plaintiff's direct supervisor at the time of his termination was Jana Osbey.

14. At the time of Plaintiff's termination from Defendant, he was 54 years old.

15. Ms. Osbey began working as Plaintiff's direct supervisor in 2014.

16. Upon information and belief, Ms. Osbey was under the age of 40, and she was certainly significantly younger than Plaintiff.

17. From the time Ms. Osbey began as Plaintiff's supervisor, she carried out a campaign of either discriminatorily firing or driving away older, Caucasian men and women under her supervision.

18. In place of the older, Caucasian men and some women who Ms. Osbey fired, she hired younger women who were of minority races.

19. At the time of Plaintiff's termination, there were no Caucasian men over 40 years of age under Ms. Osbey's supervision, other than Plaintiff.

20. At the time Defendant hired Ms. Osbey, Plaintiff's co-worker asked the medical director, Dr. David Bernard, why Bernard did not hire Plaintiff for the position, and Dr. Bernard responded that Plaintiff was too old.

21. Plaintiff was qualified for his job.

### COUNT I. SEX DISCRIMINATION UNDER 42 U.S.C. §2000e, *et. seq.*

22. Plaintiff incorporates the allegations made in Paragraphs 1 through 21 herein.

23. Title VII prohibits employers from discriminating against employees based on their sex.

24. Defendant, by and through its agents and employees, particularly Jana Osbey and Dr. David Bernard, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*.

25. Defendant discriminated against Plaintiff by firing him based on his sex as a man.

26. Had Plaintiff been a woman, he would not have been terminated.

27. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, *et.seq.*, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

28. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

29. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT II. RACE DISCRIMINATION UNDER 42 U.S.C. §2000e, *et. seq.*

30. Plaintiff incorporates the allegations made in Paragraphs 1 through 29 herein.

31. Title VII prohibits employers from discriminating against employees based on their race.

32. Defendant, by and through its agents and employees, particularly Jana Osbey and Dr. David Bernard, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq.*

33. Defendant discriminated against Plaintiff by firing him based on his race as Caucasian.

34. Had Plaintiff been of a minority race, he would not have been terminated.

35. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, *et.seq.*, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

36. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

37. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### **COUNT III. RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

38. Plaintiff incorporates the allegations made in Paragraphs 1 through 37 herein.

39. 42 U.S.C. § 1981 prohibits employers from discriminating against employees based on their race.

40. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race and national origin because at-will employment in Texas is a form of contract. *Fadeyi v. Planned Parenthood Ass'n*, 160 F.3d 1048 (5th Cir. 1998). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

41. Defendant, by and through its agents and employees, particularly Jana Osbey and Dr. David Bernard, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 1981.

42. Defendant discriminated against Plaintiff by firing him based on his race as Caucasian.

43. Had Plaintiff been of a minority race, he would not have been terminated.

44. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

45. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

46. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to

represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT IV: DISCRIMINATION ON THE BASIS OF AGE UNDER THE ADEA, 29 U.S.C. § 621, *ET SEQ.*

47. Plaintiff re-alleges and incorporates into count one, paragraphs 1-46.

48. Plaintiff was over the age of 40 at the time of his termination.

49. Plaintiff was qualified for his position at the time of his termination.

50. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

51. Defendant, bu and through its agents, has maintained a policy of age discrimination and unlawfully terminated Plaintiff in violation of the foregoing statute.

52. If Plaintiff had not been over 40, Defendant would not have terminated Plaintiff's employment.

53. As a direct and proximate result of the Defendant's conduct that violated 29 U.S.C. § 621, Plaintiff suffered damages, including lost wages in the past, present, and future.

54. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of liquidated damages. Plaintiff, therefore, seeks liquidated damages.

55. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

56. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests damages and reasonable attorney fees from Defendant pursuant to 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and 29 U.S.C. § 621, *et seq.*, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: ___/s/ Bruce Coane_____
**Bruce Coane, Attorney-in-Charge**
S.D. Tex. #7205
TX Bar #04423600
5177 Richmond Avenue, Suite 770
Houston, Texas 77056
Email: bruce.coane@gmail.com

***ATTORNEYS FOR PLAINTIFF***