United States District Court
Southern District of Texas
**ENTERED**
December 23, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT O'BRIEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:20-cv-4084 |
| THE METHODIST HOSPITAL, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an employment discrimination case. Plaintiff Robert O'Brien ("O'Brien") sued his employer, Defendant The Methodist Hospital ("Methodist Hospital"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); 42 U.S.C § 1981 ("§ 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). Pending before the Court[1] is Methodist Hospital's motion for summary judgment, asserting that some of the claims are time barred, Plaintiff has failed to establish a *prima facie* case of employment discrimination, and Plaintiff cannot show that Defendant's reasons for his termination were pretextual. Def's. Mot. Summ. J., ECF No. 45. Plaintiff opposes

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 35. Defendant's motion for summary judgment is a dispositive pretrial matter appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

the motion asserting that material fact issues preclude summary judgment. Pl.'s Resp., ECF No. 50 at 2. Based on a thorough review of the briefing, record, and applicable law, the Court finds that any claim for hostile work environment is barred because Plaintiff failed to exhaust his administrative remedies; Plaintiff has failed to establish a *prima facie* case of race or sex discrimination because his comparators did not commit similar infractions to his poor work performance and insubordination, the reasons Methodist Hospital gave for his termination; and Plaintiff has failed to show that the reasons for his termination were a pretext for age discrimination because his subjective belief is not sufficient to create a genuine issue of material fact. Accordingly, the Court recommends that Defendant's motion be granted.

## I.    BACKGROUND FACTS

Plaintiff is a Caucasian man in his fifties who worked as a Methodist Hospital HLA Specialist for over eight years. Amend. Compl. ¶ 12, ECF No. 7 at 3; Pl.'s Aff. ¶ 2, ECF No. 50-1 at 2. On May 20, 2019, Methodist Hospital terminated Plaintiff, claiming poor work performance and insubordination. Doc. Termination, ECF No. 45-1. Plaintiff filed suit against Methodist Hospital alleging wrongful termination based on race, sex, and age discrimination. Compl., ECF No. 1; *accord* Am. Compl., ECF No. 7.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. FED. R. CIV. P. 56(a). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes about material facts are "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Brackeen v. Haaland*, 994 F.3d 249, 290 (5th Cir. 2021) (quoting *Anderson*, 477 U.S. at 248)).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Design, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (alteration in original) (quoting *Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). If the movant meets its burden, the non-movant must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *LHC Grp.*, 773 F.3d at 694).

In reviewing the evidence, the Court may "not make credibility determinations or weigh the evidence." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530

U.S. 133, 150 (2000)). "The evidence of the non-movant is to be believed, with all justifiable inferences drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *Liberty Lobby*, 477 U.S. at 255). However, the non-movant's burden is not satisfied with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The Court may also not, "'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts' to survive summary judgment." *Id.* (quoting *Little*, 37 F.3d at 1075).

## III.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Methodist Hospital asserts that Plaintiff's discrimination claims based on events that occurred prior to January 10, 2019 are time barred. ECF No. 45 at 8-11. In addition, Defendant asserts that Plaintiff cannot establish a *prima facie* case for race, sex, or age discrimination; it has established non-discriminatory reasons for Plaintiff's termination; and Plaintiff cannot establish pretext for discrimination. *Id.* at 11–25. Plaintiff counters that his claims are not time barred; he established a *prima facie* case for race, sex, and age discrimination; and Defendant's nondiscriminatory reasons for termination were pretextual for unlawful discrimination. ECF No. 50 at 6–18. The Court will address each argument in turn.

4

**A. Claims Based On Events Prior to January 10, 2019 Are Barred.**

Defendant argues that summary judgment is warranted because Plaintiff's Title VII and ADEA claims based on events prior to January 10, 2019 are time barred. ECF No. 45 at 8. Plaintiff contends his Title VII and ADEA claims are not time barred because he established a continuing violation exception under his hostile environment claim based on his negative evaluations and written warning between 2014 and 2019. ECF No. 50 at 6–7.[2] In reply, Defendant argues that a continuing violation exception does not apply because Plaintiff never asserted a hostile environment claim. ECF No. 51 at 4.

---

[2] "To establish a hostile work environment claim under Title VII, the plaintiff must prove that he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019). Additionally, "a plaintiff must prove that the harassment complained of was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *West v. City of Houston, Texas*, 960 F.3d 736, 741–42 (5th Cir. 2020); *see also Brown v. Liberty Mut. Grp., Inco*., 616 F. App'x 654, 657 (5th Cir. 2015) (per curiam). Similarly, "[t]o establish the equivalent claim under the ADEA, the plaintiff must show that (1) he was over the age of 40; (2) he was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *English*, 777 F. App'x at 98.

For hostile work environment claims, the continuing violation exception provides that the "plaintiff is not limited to filing suit on events that fall within this statutory time period because [his] claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quotations omitted). Thus, if one act contributing to the claim occurs within the filing period, the court may consider the entire time period of the hostile environment to determine liability. *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *as revised* (Mar. 13, 2017).

### 1. Exhaustion of administrative remedies and the statute of limitations for discrimination claims.

Under Title VII and the ADEA, prior to filing a complaint in federal court, a plaintiff must exhaust his administrative remedies. *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. 2012) (ADEA); *Waters v. City of Dallas*, No. 3:11-CV-0540-K, 2012 WL 5363426, at *7 (N.D. Tex. Nov. 1, 2012), *aff'd sub nom. Waters v. City of Dallas, Tex.*, 540 F. App'x 257 (5th Cir. 2013) (citing *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101, 109 (2002)) (Title VII). To exhaust, the plaintiff must first file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the date on which the unlawful practice occurred. *Waters*, 2012 WL 5363426, at *7 (Title VII); *Fabela v. Corpus Christi Indep. Sch. Dist.*, No. 2:19-CV-387, 2020 WL 2576175, at *7 (S.D. Tex. May 21, 2020) (ADEA).

The filing deadline is not jurisdictional but serves as a statute of limitations defense. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, allegations of discrimination occurring more than 300 days before the plaintiff filed an EEOC charge are time-barred. *Fabela*, 2020 WL 2576175, at *7 (ADEA); *Waters*, 2012 WL 5363426, at *7 (Title VII). Discrimination claims based on discrete acts, such as termination, "are timely only if they occurred within the limitations period." *Porto v. Chevron NA Expl. & Prod. Co.*, No. CV H-17-1419, 2018 WL 3559103, at *8 (S.D. Tex. July 24, 2018).

6

It is undisputed that Methodist Hospital terminated Plaintiff on May 20, 2019. ECF No. 45-1 at 2; ECF No. 50 at 5. Plaintiff filed his charge of discrimination with the EEOC on November 6, 2019, ECF No. 45-8 at 2, and January 10, 2019 is 300 days prior to the date Plaintiff filed his EEOC charge. Therefore, only discrimination claims that took place after January 10, 2019 and that Plaintiff asserted before the EEOC are timely. His wrongful termination claim occurred within that time period and Defendant does not claim that it is time barred. Instead, it challenges any claims based on acts before January 10, 2019.

### 2. Plaintiff failed to raise a hostile work environment claim before the EEOC.

In his response, Plaintiff asserts that his claims based on acts before January 10, 2019 are not time-barred because he made a hostile work environment claim and the continuing violation exception applies. Before filing suit, however, Plaintiff was required to raise his claims before the EEOC, which requires a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Melgar v. T.B. Butler Publ'g Co., Inc*., 931 F.3d 375, 380 (5th Cir. 2019) (quoting 29 C.F.R. § 1601.12(a)(3)) (quotations omitted). A plaintiff may not assert a discrimination claim in federal court that was "not previously asserted in a formal charge of discrimination to the EEOC, or that could not reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (Title VII); *Walton-Lentz*, 476 F. App'x at 569–

70 (ADEA).

Before the EEOC, Plaintiff did not assert any claims of harassment or that the

harassment was so severe as to create an abusive working environment. *See Brown*,

616 F. App'x at 657.  To the contrary, his claim at the EEOC was limited to wrongful

termination based on race, sex, and age discrimination, as follows:

> I have been employed with the hospital for eight years and I had
> great yearly reviews. I was written up for 8 (eight) weeks straight
> and have been assigned impossible time limits to complete tasks by
> my African American female manager. On May 26, 2019, I was
> wrongfully terminated.
>
> I was told I was being terminated for poor job performance and
> insubordination. I have 30 years [of] experience and there was no
> valid reason for my termination other than discrimination. My
> manager has gotten rid of all the Caucasians and replaced them with
> female minorities. I feel the reason given to terminate me is pretext
> for discrimination.
>
> I believe I was discriminated against because of my race, white, my
> sex, male in violation under Title VII of the Civil Rights Act of
> 1964, as amended and my age under the Age Discrimination in
> Employment Act.

ECF No. 45-8 at 2.

The acts complained of in the EEOC charge were limited to the eight weeks

of write ups and unreasonable time limits placed on him prior to his termination in

May 2019. *Id.* There is no mention of the written warnings and negative employee

evaluations between 2014 and 2019, or that they were abusive or contributed to a

hostile environment. To the contrary, his EEOC charge states that he worked for the

hospital for eight years and had "great yearly reviews." *Id.* Thus, Plaintiff failed to

exhaust a hostile environment claim because he only alleged race, sex, and age discrimination based on his wrongful termination. *Filer*, 690 F.3d at 647; *Walton-Lentz*, 476 F. App'x at 569–70. During the hearing, counsel for Plaintiff conceded that he failed to raise a hostile work environment claim before the EEOC. Hr'g, Dec. 9, 2022. Thus, Plaintiff's failure to exhaust bars any claim based upon a hostile work environment.

Without discussing the failure to exhaust, Defendant asserts that Plaintiff has not raised a hostile work environment claim. ECF No. 51 at 4. "An allegation of harassment is the underlying basis for a hostile work environment claim." *Melvin v. Barr Roofing Co*., 806 F. App'x 301, 308 (5th Cir. 2020) (holding the plaintiff's allegation that "he faced an environment of 'harassment' because his coworkers and supervisors consistently used racial slurs" was sufficient to allege a hostile environment claim based on the plaintiff's race). The complaint asserts that Plaintiff's supervisor created a hostile workplace to force white employees and male employees to quit, replacing them with younger females "of minority races[,]" and that he was the next target in that crusade. Am. Compl., ECF No. 7 at ¶¶ 18-20. Even if Plaintiff's allegations are sufficient to assert a hostile work environment claim under Rule 8(a), nonetheless, they should be dismissed because he did not assert a hostile work environment claim before the EEOC and such a claim could not reasonably be expected to grow out of the charge. *See Scott-Benson v. KBR, Inc.,*

9

826 F. App'x 364, 367 (5th Cir. 2020) (affirming the district court's dismissal of the plaintiff's hostile environment claim under Title VII for failure to exhaust, when the EEOC charge read "I have been discriminated against because of my sex, Female, and retaliated against in violation of Title VII."); *Walton-Lentz*, 476 F. App'x at 569–70 (holding summary judgment was proper because the plaintiff's hostile environment claim could not reasonably be expected to grow out of her EEOC charge).

### 3.  Plaintiff may rely on the evidence of prior acts as background.

Although Plaintiff cannot assert a hostile work environment claim, he may rely on all the evidence that supports his claim for wrongful termination based on discrimination. An employee is not barred "from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *accord Collier v. Dallas Cnty. Hosp. Dist.*, 827 F. App'x 373, 376 n.6 (5th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 771, 141 S. Ct. 2657 (2021) ("The statutory limitations period does not bar an employee from using the prior acts as background evidence in support of a timely claim, which [plaintiff] does here.") (quotations removed). However, the background evidence cannot be used to create a fact question as to the timely claim. *Montgomery-Smith v. George*, 810 F. App'x 252, 261 (5th Cir. 2020) (holding the plaintiff could not use a statement made in 2007 to create a fact question as to whether a failure to promote her in 2015 was

retaliatory). Thus, to create a fact question, Plaintiff must rely on evidence of acts that occurred after January 10, 2019. *Id.*

### B. Plaintiff's Title VII, § 1981, and ADEA Claims Fail.

Defendant moves for summary judgment the grounds that Plaintiff cannot establish a *prima facie* case for race, sex, or age discrimination, Defendant established non-discriminatory reasons for Plaintiff's termination, and Plaintiff cannot establish pretext for discrimination. ECF No. 45 at 11–25. Plaintiff contends he established a *prima facie* case for race, sex, and age discrimination and Defendant's nondiscriminatory reasons for termination were pretextual for unlawful discrimination. ECF No. 50 at 8–18.

#### 1. The McDonnel Douglas burden-shifting framework applies.

Because Plaintiff does not present direct evidence of race, sex, and age discrimination, the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* applies. 411 U.S. 792 (1973) (applying framework to Title VII case); s*ee also Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (applying framework to § 1981 case); *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (applying framework to ADEA case).

Under the *McDonnell Douglas* framework, the plaintiff must first present a *prima facie* case of discrimination. *Williams v. City of Richardson*, No. 20-10417, 2022 WL 1026543, at *1 (5th Cir. Apr. 6, 2022) (citing *Reeves*, 530 U.S. at 142)

11

(applying framework in a case with Title VII, § 1981, and ADEA claims). If the plaintiff presents a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. *Id.* If the defendant offers such a justification, the burden then shifts back to the plaintiff to establish that each of the defendant's proffered reasons is simply a pretext for discrimination. *Id.*

### 2. A *prima facie* case under Title VII, § 1981, and the ADEA.

To establish a *prima facie* case of race and sex discrimination under Title VII, race discrimination under § 1981, and age discrimination under the ADEA, the plaintiff must show the same three elements, including that (1) he was within the protected class, (2) he was qualified for the position he held, and (3) an adverse employment action. *See Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 825 (5th Cir. 2022) (Title VII and § 1981); *see also Flanner v. Chase Inv. Servs. Corp.*, 600 F. App'x 914, 918 (5th Cir. 2015) (ADEA). The plaintiff must also show a fourth element, which the Court addresses in sub-sections (a) and (b) below. *See Owens*, 33 F.4th at 825.

Here, the parties do not dispute the first three elements of the *prima facie* case. The parties agree that Plaintiff is a Caucasian male over the age of forty, who was qualified for the position of HLA Specialist, and Methodist Hospital terminated him. ECF No. 45 at 13, 22; ECF No. 50 at 9-11; *see Thompson v. City of Waco, Texas*,

764 F.3d 500, 503 (5th Cir. 2014) (termination is an adverse employment action under Title VII and § 1981); *see also Merla v. San Antonio Indep. Sch. Dist.*, 182 F. App'x 351 (5th Cir. 2006) (assuming termination is an adverse employment action under the ADEA). Because the parties dispute the fourth element, the Court addresses the evidence supporting the fourth element under each claim.

> **a.    *Plaintiff failed to establish the fourth element of a prima facie case under Title VII and § 1981.***

To satisfy the fourth element of a *prima facie* case under Title VII and § 1981, Plaintiff must show that either Defendant replaced him with someone outside his protected group[3] or he was treated less favorably than others similarly situated outside of his protected class. *Owens*, 33 F.4th at 825. To satisfy the "similarly situated" prong, Plaintiff must establish that Methodist Hospital treated him "less favorably" than a "comparator." *See Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 998 (5th Cir. 2022). A comparator is another employee who is (1) similarly situated, (2) outside the plaintiff's protected class, and (3) in nearly identical circumstances to the plaintiff. *See id.*

When determining whether a comparator is similarly situated to a plaintiff,

---

[3] Neither party addresses whether there is evidence in the record showing that Plaintiff established his race or sex discrimination *prima facie* case through showing Defendant replaced him with someone outside of Plaintiff's protected group of Caucasian and/or male. *See Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 322 (5th Cir.), *cert. denied*, 211 L. Ed. 2d 94, 142 S. Ct. 216 (2021). "Legal arguments not raised before the Magistrate Judge are waived." *Black v. Pan Am. Lab'ys, LLC*, No. A-07-CA-924-LY, 2009 WL 10669148, at *4 (W.D. Tex. May 13, 2009) (citing *Freeman v. County of Bexar*, 142 F.3d 848, 851-52 (5th Cir. 1998)).

factors the court considers include "job responsibility, experience, and qualifications." *Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018). Generally, a comparator and a plaintiff are similarly situated when they have the same job and supervisor. *See Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

A plaintiff satisfies the "nearly identical circumstances" requirement when he shows that "the comparator's conduct is nearly identical" to the misconduct for which the defendant terminated the plaintiff, but he need not show the comparator's conduct is "strictly identical." *Saketkoo*, 31 F.4th at 998 (quotations removed). A comparator's conduct is nearly identical to the plaintiff's when they share a similar history of misconduct, such as similar violations or infringements. *Alkhawaldeh*, 851 F.3d at 426.

Here, the parties dispute whether Plaintiff has identified a "similarly situated" employee that Methodist Hospital treated more favorably than Plaintiff in nearly identical circumstances. ECF No. 45 at 13; ECF No. 50 at 9. Viewing the evidence in the light most favorable to Plaintiff, he has not shown evidence of another Methodist Hospital employee with misconduct similar to the poor performance and insubordination for which he was terminated.[4]

---

[4] Defendant also points out that Plaintiff asserted what he contends are additional employment decisions in his deposition, arguing any corresponding alleged discrimination is based on Plaintiff's subjective belief, not that the other employees were actually treated more favorably

First, Plaintiff asserts that his co-worker Yamin Luo is a comparator. They both worked as HLA Specialists and reported to Jana Osbey.  ECF No. 50 at 10; Pl.'s Aff. ¶ 7, ECF No. 50-1 at 2. Thus, they are similarly situated. Mr. Luo is Asian. *See* ECF No. 50-7 at 2. Thus, he is outside Plaintiff's protected class.  Plaintiff claims they both had comparable violation histories but were treated differently. ECF No. 50 at 10. Plaintiff's sole evidence in support is that, in 2015, he witnessed Mr. Luo screaming "do you want me to quit" in the lab at their supervisor, Ms. Osbey. *See* ECF No. 50 at 13 (citing Pl.'s Aff. ¶ 8, ECF No. 50-1 at 2).[5] Plaintiff concludes that Mr. Luo's conduct is nearly identical, characterizing this conduct as

---

under nearly identical circumstances. ECF No. 45 at 14. Specifically, Plaintiff testified that a Chinese male HLA Specialist had less duties and responsibilities and could take a break to meditate, Pl.'s Depo. 161:18-163:15, ECF No. 45-3 at 42-43, and a Chinese female co-worker could sit in the breakroom and take sick leave, Pl.'s Depo. 163:16-25, ECF No. 45-3 at 43. In response to Defendant's motion, Plaintiff neither raises these instances in his affidavit, Pl.'s Aff., ECF No. 50-1, nor in his briefing. *See* ECF No. 50. Although Plaintiff's assertions regarding the male Chinese HLA Specialist and Chinese female co-worker are unavailing for much the same reasons the Court discusses, because Plaintiff did not brief these assertions, the Court does not address them. *See Owens, Inc*., 33 F.4th at 827 n.9 (declining to address arguments in the plaintiff's declaration because they were not briefed).

[5] In its reply, Defendant asserts that Plaintiff's summary judgment affidavit regarding Mr. Luo should be stricken, because in the affidavit Plaintiff contends Mr. Luo is a comparator; however, in his deposition testimony Plaintiff stated there were no comparators and in Defendant's Interrogatory No. 9, Plaintiff did not identify Mr. Luo as a comparator. ECF No. 51 at 6-10 (citing ECF No. 51-1 at 8-9; Pl.'s Aff. ¶ 8, ECF No. 50 at 2; Pl.'s Depo. 78:19-79:18, ECF No. 45-3 at 22). Accordingly, Defendant asserts the affidavit should be stricken based on the "sham affidavit doctrine." ECF No. 51 at 9 (citing *Clark v. Resistoflex Co., A Div. of Unidynamics Corp*., 854 F.2d 762, 766-67 (5th Cir. 1988)). Under this doctrine, "a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist*., 220 F.3d 380, 386 (5th Cir. 2000). Plaintiff's deposition testimony, Interrogatory No. 9, and Plaintiff's summary judgment affidavit do not manufacture a dispute of fact. Therefore, the sham affidavit doctrine is inapplicable. Defendant also filed objections to Plaintiff's evidence. ECF No. 52. Even if all the summary judgment evidence were fully considered, it would not change the outcome. Thus, the Court denies the motion as moot.

"insubordinate." ECF No. 50 at 13; Pl.'s Aff. ¶ 8, ECF No. 50-1 at 2.

This evidence is insufficient to create a genuine issue of material fact. Plaintiff's characterization of Mr. Luo's alleged conduct as insubordinate is a conclusory allegation. Plaintiff failed to present any evidence that Methodist Hospital's rules and procedures would characterize this behavior as insubordinate. *See Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 392 (5th Cir. 2020) (Ho, J., concurring) (defining a conclusory allegation as "a statement [that] recites the bottom-line legal standard but fails to present any factual detail or specifics indicating what evidence will actually satisfy the requisite legal standard."). A conclusory allegation is insufficient to create an issue of fact. *See Owens*, 33 F.4th at 827. Contrary to Plaintiff's characterization, the record shows Methodist Hospital defines "insubordination" as "willful refusal to perform an assigned duty or comply with an instruction." ECF No. 45-9 at 4. Plaintiff fails to cite anything in the record to support the conclusion that Mr. Luo refused to perform an assigned duty or comply with an instruction. *See* ECF No. 50. An employee yelling at his supervisor, with nothing more, fails to satisfy the hospital's definition of insubordination.  In addition, the incident involving Mr. Luo occurred in 2015, which is outside the statutory period. Since Plaintiff may not rely on evidence outside the statutory period to create a fact issue, this evidence cannot be considered. *See Montgomery-Smith*, 810 F. App'x at 261.

In contrast, Methodist Hospital states "Plaintiff was insubordinate and failed to follow the following performance expectations outlined in his [Performance Improvement Plan]: (1) Complete assigned task of drafting and revising procedures . . . (2) Create a schedule for compensation . . . (3) Follow-up with management and Directors when an issue arises with investigation and resolution without being prompted . . . (4) Become involved in validation of STEMCELL isolation kit ; (5) Ensure inventory levels of crossmatch reagent are optimal . . . (6) Create and execute training plan for cryopreservation of cells for staff trained on routine crossmatch . . ."). ECF No. 45-1 at 2. Mr. Luo's one time yelling at his supervisor, without any other context provided, is not close to Plaintiff's poor performance over months that amounted to insubordination under Methodist Hospital's procedures. *Cf. Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015) (the plaintiff's offered comparator's alleged conduct of lying about hours worked and sick-leave and being bad at her job is "not even close to being nearly identical" to the plaintiff's conduct of failing to obey a lawful order, refusing a drug test, dereliction of duty, and conduct unbecoming of an officer).

Thus, Plaintiff has not established Mr. Luo is a valid comparator. *Cf. Paske*, 785 F.3d at 985 ("Because [Plaintiff] failed to adduce evidence that a comparator was treated more favorably under nearly identical circumstances, he failed to establish a prima facie case . . ..").

Next, Plaintiff asserts that his co-worker Hongjie Ding is a comparator. ECF No. 50 at 10. Plaintiff shows Ms. Ding is outside of his protected class because she is an Asian female. *See* ECF No. 50-7 at 2. Plaintiff also shows Ms. Ding is similarly situated to Plaintiff because both were HLA Specialists. Pl.'s Aff. ¶ 7, ECF No. 50-1 at 2.  However, Plaintiff does not assert any other facts about Ms. Ding, including any misconduct. Thus, Plaintiff failed to establish Ms. Ding is a valid comparator. *See Alkhawaldeh*, 851 F.3d at 427 (finding no valid comparator when the plaintiff failed to identify a single employee with his job title and with a similar history of misconduct but who was not fired); *see also Matthews v. City of Houston Fire Dep't*, 609 F. Supp. 2d 631, 644 (S.D. Tex. 2009) (finding that because the plaintiff failed to identify a single co-worker who was treated differently with regard to evaluations or terminations, the plaintiff failed to establish a *prima facie* case for race and sex discrimination).

Thus, the record indicates that the co-workers Plaintiff presented are not valid comparators for establishing a *prima facie* case for race and sex discrimination. *See Saketkoo*, 31 F.4th at 999 (holding that evidence was insufficient to establish a *prima facie* case of sex discrimination because the plaintiff did not present valid comparators); *Alkhawaldeh*, 851 F.3d at 427 (holding that evidence was insufficient to establish a *prima facie* case of race discrimination because the plaintiff did not present a valid comparator); *Morris v. Town of Indep.*, 827 F.3d 396, 402 (5th Cir.

18

2016) (holding the plaintiff did not establish her *prima facie* case for race discrimination because she "offered no evidence . . . any other employee[] was retained despite performance concerns.").

Other than his subjective belief, Plaintiff has not presented any evidence sufficient to raise a factual issue as to whether Methodist Hospital discriminated against him because of his race or sex. *See Saketkoo*, 31 F.4th at 999 (finding summary judgment proper when the plaintiff neither presented evidence of a similarly situated comparator nor otherwise demonstrated she was discriminated against); *see also Dileo v. Ashcroft*, 201 F. App'x 190, 191 (5th Cir. 2006) (same). "A plaintiff's subjective belief that he was subject to discrimination doesn't satisfy [the] [fourth] element." *Igwe v. Menil Found. Inc*, No. 4:17-CV-03689, 2020 WL 7024374, at *5 (S.D. Tex. Nov. 30, 2020) (citing *Vasquez v Nueces County*, 551 F Appx 91, 94 (5th Cir 2013)).

Accordingly, Plaintiff has not established a *prima facie* case for race and sex discrimination, and summary judgment as to Plaintiff's Title VII and §1981 claims is appropriate. *See Morris*, 827 F.3d at 402 (summary judgment is appropriate when the plaintiff failed to show other employees are similarly situated).

### b.    *Plaintiff established a prima facie case under the ADEA.*

To establish the fourth element of a *prima facie* case of age discrimination under the ADEA, the Plaintiff must show that Defendant i) replaced him with

someone substantially younger or ii) otherwise discharged him because of his age. *See O'Connor v. Consol. Coin Caterers Corp*., 517 U.S. 308, 313 (1996)*; Flanner*, 600 F. App'x at 918. In discussing what age difference is sufficient to be substantially younger, the Fifth Circuit explained that a five- or six-year age difference between the plaintiff and his replacement is a "close question," but there is "no doubt" that a twenty-seven year difference qualifies as "substantially younger." *Flanner*, 600 F. App'x at 919.  "Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of age discrimination prima facie case." *Grosjean v. First Energy Corp*., 349 F.3d 332, 336-37 (6th Cir. 2003) (collecting cases).

Here, the parties do not dispute that Plaintiff's replacement was several years younger than him, ECF No. 51 at 12. However, the parties dispute whether the fact that Methodist Hospital replaced Plaintiff with someone younger is sufficient for Plaintiff to establish the fourth element of a *prima facie* case. ECF No. 51 at 12. Viewing the evidence in the light most favorable to Plaintiff, he has established a *prima facie* case under the ADEA.

Specifically, Plaintiff has presented evidence that Defendant replaced him with a woman, Ms. Wells, fourteen years younger than him. Pl.'s Aff. ¶¶ 5, 14, ECF No. 50-1 at 2-3; ECF No. 50-7 at 2. Defendant conceded that it replaced Plaintiff with someone several years younger. ECF No. 51 at 12. Because the replacement

was fourteen years younger than Plaintiff, she was substantially younger. *See Flanner*, 600 F. App'x at 914; *Grosjean*, 349 F.3d at 336-37. "Thus, the evidence presented, without more, supports an inference of age discrimination because [Plaintiff] was replaced by [Wells], a substantially younger employee." *Flanner*, 600 F. App'x at 919–20 (holding that the plaintiff established a *prima facie* case under the ADEA because the defendant replaced the plaintiff with someone twenty-seven years younger).

### 3. Defendant produced evidence of non-discriminatory reasons for terminating Plaintiff.

Under *McDonnell Douglas*, once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant. *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021) (defendant's burden is one of production, not persuasion) (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007)). A defendant satisfies its burden "articulat[ing] a nondiscriminatory reason with sufficient clarity to afford [a plaintiff] a realistic opportunity to show that the reason is pretextual." *Watkins*, 997 F.3d at 282 (quotations removed). A reason "of 'poor work performance' is adequate when coupled with specific examples." *Burton v. Freescale Semiconductor, Inc*., 798 F.3d 222, 231 (5th Cir. 2015).

The evidence permits the conclusion that Methodist Hospital terminated Plaintiff for nondiscriminatory reasons. Defendant produced evidence demonstrating performance-related deficiencies and insubordination, including

disciplinary counseling, ECF No. 45-2 (Performance Improvement Plan ("PIP")), failure to successfully complete the PIP and to perform in accordance with established standards, ECF No. 45-2 at 15-18, and insubordination based on failure to complete tasks in the PIP, ECF Nos. 45-1 (Documentation of Termination), 45-9 (Methodist Hospital's Performance Policy). Performance related-deficiencies and insubordination are two non-discriminatory reasons for terminating employment. *See Goudeau*, 793 F.3d at 476 (the defendant satisfied its burden of production identifying poor performance and insubordination as two nondiscriminatory reasons for the termination).

Accordingly, Methodist Hospital carried its burden of production for terminating Plaintiff.

### 4. Plaintiff failed to present evidence that Defendant's non-discriminatory reasons for termination are pretextual for age discrimination.

Once the defendant articulates a non-discriminatory reason for termination, the burden of persuasion then shifts back to the plaintiff to establish that each of the proffered reasons is simply a pretext for discrimination. *Owens*, 33 F.4th at 826. A plaintiff may carry his burden through either evidence tending to show the defendant's explanation is unworthy of credence or evidence of disparate treatment. *See id.* (citing *Reeves*, 530 U.S. at 147); *Watkins*, 997 F.3d at 283; *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

At the pretext stage, the question on summary judgment is whether there is a conflict in substantial evidence. *See Owens*, 33 F.4th at 826. "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded [triers of fact] in the exercise of impartial judgment might reach different conclusions." *Id.* (quoting *Laxton v. Gap Inc*., 333 F.3d 572, 579 (5th Cir. 2003) (quotations removed). "The ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

Plaintiff utterly fails to brief how his evidence supports a pretext for age discrimination; instead, in a sentence, he relies on the pretext briefing for sex and age discrimination as providing sufficient proof. ECF No. 50 at 18. This briefing is insufficient to address the issue of pretext for age discrimination or meet Plaintiff's burden of creating a fact issue. *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003) ("[F]ailure to brief an argument in the district court waives that argument in that court."). Even if he had not waived the argument, Plaintiff's pretext evidence in support of his age and race claims are insufficient to support his age claim.

> a. ***Plaintiff failed to show evidence that Defendant's explanation of insubordination was a pretext for age discrimination.***

By cross-reference, Plaintiff relies on two pieces of evidence to show that the

explanation of insubordination was just a pretext for age discrimination. Evidence from the unemployment benefits appeals, and his testimony. Neither is sufficient.

To show pretext for age discrimination, by cross reference, Plaintiff relies on the decision from his unemployment benefits appeals case before the Texas Workforce Appeal Tribunal ("TWAP"). That tribunal found "that the Plaintiff's discharge was not a discharge for misconduct connected with the work." ECF No. 50-15 at 4.[6] Under Texas law, the TWAP's decision "may not be used as evidence in an action or proceeding, other than an action brought under the Texas Unemployment Compensation Act." Tex. Labor Code Ann. § 213.007; *see also Adame v. Refugio Cnty.*, No. 2:16-CV-139, 2017 WL 8944033, at *8 (S.D. Tex. May 5, 2017), *report and recommendation adopted*, No. 2:16-CV-00139, 2017 WL 2492055 (S.D. Tex. June 9, 2017), *aff'd*, 709 F. App'x 290 (5th Cir. 2018) (quoting Tex. Labor Code Ann. § 213.007); *St. Romain v. Fort Bend Cnty. Sheriff's Off.*, No. CIV.A. H-09-2273, 2011 WL 306411, at *4 (S.D. Tex. Jan. 27, 2011) (same). Thus, the TWAP's finding does not constitute admissible evidence.

Furthermore, even if the TWAP's finding was admissible, at most the

---

[6] Plaintiff references the Texas Workforce Appeal Tribunal's decision, which stated the following: "In this case, the employer had been dissatisfied with the claimant's performance for approximately five years, and the available evidence indicates that this dissatisfaction was the result of a higher workload and differing standards of a new supervisor rather than a change in the claimant's manner of performing his job. As such, the claimant was discharged for reasons other than misconduct." ECF No. 50-15 at 4.

evidence shows that Methodist Hospital's reason based on insubordination was false. "But that alone is not enough. The evidence must permit a reasonable inference that [Defendant's] false reason was pretext for the true, discriminatory, reason." *Owens*, 33 F.4th at 833 (citing *Reeves*, 530 U.S. at 147–48); *see also Crawford*, 234 F.3d at 902. Plaintiff failed to show that age discrimination was an issue before the TWAP, so this evidence cannot establish pretext. *See St. Romain*, 2011 WL 306411, at *4 (S.D. Tex. Jan. 27, 2011) (finding no evidence of pretext based on the findings of the Texas Workforce Commission because there was no issue before the Commission regarding whether the defendants discriminated against the plaintiff on the basis of his race and/or national origin.").

Although Plaintiff testified that he, and others, were terminated so Methodist Hospital could hire younger women minorities, this is insufficient to show a pretext. *See* Pl.'s Dep. 43:9-45:2, 52:25-54:18, ECF No. 45-3 at 13, 15-16. At most, this shows Plaintiff's subjective belief of age discrimination, which "alone is not sufficient to warrant judicial relief." *Equal Emp. Opportunity Comm'n v. Ryan's Pointe Houston, L.L.C.*, No. 19-20656, 2022 WL 4494148, at *7 n.36 (5th Cir. Sept. 27, 2022). Plaintiff does not point to anything else in the record that supports his assertions of age discrimination. "[H]e does not attach declarations or affidavits by any of the[] [] individuals. [H]e does not provide us with an interrogatory served upon [Defendant] corroborating any of this information." *See Salazar*, 982 F.3d at

390. Thus, Plaintiff's evidence is insufficient to create a genuine dispute of fact as to whether Plaintiff and others were fired on the basis of age. *See id.* (holding that the plaintiff's allegation that three other employees over sixty years of age, and himself, were all fired "is insufficient to create a genuine dispute of fact as to whether [Plaintiff]—and company—were fired on the basis of age.").

Furthermore, even if the TWAP finding showed Methodist Hospital's reason of insubordination was pretext for unlawful discrimination, poor performance remains a nondiscriminatory reason provided. "If the employer offers more than one reason, the plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotations removed). On this record, Plaintiff has not shown any evidence rebutting the reason for his termination was poor performance. *See Jones*, 8 F.4th at 369 (the plaintiff's own statements refuting an employer's nondiscriminatory reasons are insufficient summary judgment proof of pretext).

Accordingly, Plaintiff failed to create a factual dispute that Methodist's Hospital's reasons were pretext for unlawful age discrimination. *See Jackson*, 602 F.3d at 381 ("Without more, we simply cannot conclude that there is a triable issue of fact as to whether [Defendant] discriminated against [Plaintiff] based on age.").

### b. Plaintiff failed to show evidence that Defendant's explanation that his failure to complete tasks assigned in the PIP was a pretext for age discrimination.

By cross-reference, Plaintiff argues that Defendant's explanation that his failure to complete tasks assigned in the PIP was pretext for age discrimination because his superiors held a meeting with him on the date of the deadline and he completed the tasks. ECF No. 50 at 12 (citing Obsey Dep. 140:3–4, ECF No. 50-8 at 141; ECF No. 50-12 at 2).

Specifically, the Document of Termination states the following:

[Plaintiff] and his manager had weekly meetings to discuss his progress and provide feedback. The meetings were held on 04/18/2019, 04/26/2019, 05/03/2019, and 05/10/2019. . . [Plaintiff] was insubordinate and failed to follow the following performance expectations outlined in his PIP's . . . Create a schedule for compensation to be performed for the flow cytometers for the HLA laboratory and perform compensation, set power setting as indicated by the schedule. A target deadline of 04/17/2019 was assigned to create a schedule for compensation and ensure the procedure was updated to reflect current practice. A target deadline of 05/03/2019 was assigned to train personnel competent on crossmatches on the compensation protocol. . . [Plaintiff] was provided specific points to include in a protocol. During a follow-up meeting with the Director and manager on 05/03/2019 to discuss the pending procedures/protocols, [Plaintiff] did not revise the protocol to include the points. The Director also made substantial changes to procedures/protocols that [Plaintiff] was responsible for completing due to the lab needing the procedures/protocols completed to be training the staff. Due to the procedures/protocols not being completed by the deadlines, the training of the staff had not begun and was not completed by the deadline.

ECF No. 50-12 at 2. Additionally, Ms. Obsey testified that "[the] [procedures] were completed before his termination date, but they were not completed before the

deadline outlined in the PIP." Obsey Dep. 140:3–7, ECF No. 50-8 at 141. Contrary to Plaintiff's assertion, this evidence supports termination based on performance-related deficiencies because it demonstrates not only Plaintiff's failure to complete tasks by the specific deadlines but also a resulting delay in staff training. *See Aguirre v. Valerus Field Sols., L.P.*, No. CV H-15-3722, 2019 WL 2570069, at *27 (S.D. Tex. Jan. 23, 2019), *report and recommendation adopted*, No. 4:15-CV-03722, 2019 WL 989413 (S.D. Tex. Mar. 1, 2019) (failure to meet deadlines is a nondiscriminatory reason for termination when the employer specifies the dates of the deadlines the plaintiff missed).[7]

Thus, Plaintiff fails to raise a fact issue that termination based on his failure to complete tasks was a pretext for age discrimination.

### c. Plaintiff failed to show evidence that Defendant's explanation that his failure to adapt to multiple priorities was a pretext for age discrimination.

Third, Plaintiff highlights that in his "2018 Performance Evaluation, Jana Osbey stated the Plaintiff meets the turnaround times established by the department but is expected to ensure that he is exceeding the goal." ECF No. 50 at 13 (citing ECF No. 50-9 at 25). Plaintiff contends that "[t]his clearly shows that even when the Plaintiff met goals established by the department Defendant's management still

---

[7] Insofar as Plaintiff also cites to evidence in the beginning of his brief, showing prior good evaluations, ECF No. 50 at 4-5 (citing ECF No. 50-6), these "alone cannot establish that later unsatisfactory evaluations are pretextual." *Salazar*, 982 F.3d at 390.

found fault with his performance." ECF No. 50 at 13.

The evaluation states the following:

[Plaintiff] meets the turnaround times established by the department, but is expected to ensure we are exceeding the goal. The expectation is that the majority of the results be signed out prior to the last day, not the last day. This will ensure he is able to focus his time on completing other assigned takes. If assistance is needed in the area of review or meeting establishing deadlines, [Plaintiff] is expected to seek assistance from management to ensure the laboratory is meeting the established departmental goals.

ECF. No. 50-9 at 25.

Although the evaluation shows Plaintiff met his department's goal for turnaround times, it also shows he did not meet Defendant's expectation that Plaintiff exceed that goal. *See* ECF No. 50-9 at 25. Plaintiff's disagreement with his employer's assessment of his performance does not create an issue of fact. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing Appellee's assessment of his performance will not create an issue of fact."). Moreover, even if it did, the 2018 Performance Evaluation predates January 10, 2019; thus, the court may only consider it as background evidence and not as evidence sufficient to create a fact issue. *See Montgomery-Smith*, 810 F. App'x at 261.

Accordingly, the 2018 Performance Evaluation does not demonstrate a factual issue as to pretext.

>    **d.    *Plaintiff failed to present substantial evidence of disparate treatment.***

For disparate treatment to amount to pretext, the plaintiff must demonstrate that the defendant treated him more harshly than other similarly situated employees, referred to as comparators, for nearly identical conduct. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011). An employee is "similarly situated" when the misconduct the defendant terminated the plaintiff for was "nearly identical" to that of an employee outside of his protected class whom the defendant did not terminate. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001). Additionally, "to establish an ADEA claim, [a] plaintiff must prove by a preponderance of the evidence [], that age was the but-for cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quotations removed).

Plaintiff attempts to show pretext, pointing two Methodist Hospital employees, Mr. Luo and Ms. Ding, as comparators. The conduct he relies on is: (1) Mr. Luo screaming "do you want me to quit" at his supervisor in the lab, ECF No. 50 at 13 (citing Pl.'s Aff. ¶ 8, ECF No. 50-1 at 2), (2) Mr. Luo and Ms. Ding's were allowed coffee breaks together while Plaintiff and his co-worker were not, ECF No. 50 at 13 (citing Pl.'s Aff. ¶ 9, ECF No. 50-1 at 3), and (3) Mr. Luo and Ms. Ding

were assigned less work,[8] ECF No. 50 at 13 (citing Pl.'s Aff. ¶¶ 10, 11, ECF No. 50-1 at 3).

However, these employees are not appropriate comparators for establishing disparate treatment that amounts to pretext for age discrimination. *See Vaugh*, 665 F.3d at 637 (providing that employees with different work responsibilities or dissimilar violations are inappropriate comparators for establishing disparate treatment that amounts to pretext). As discussed above, neither Mr. Luo nor Ms. Ding are comparators. Although they are arguably similarly situated because they work in the same job and report to the same supervisor, they do not have similar misconduct histories. Plaintiff failed to establish that either Mr. Luo or Ms. Ding had any misconduct history and Plaintiff had poor performance and insubordination problems. *Compare* Pl.'s Aff. ¶ 8, ECF No. 50-1 at 2 *with* ECF Nos. 45-1. The record does not show Mr. Luo's and Ms. Ding's coffee breaks involve misconduct. In addition, Plaintiff offers no evidence that Methodist Hospital terminated him for attempting to go on coffee breaks with his co-worker or that his treatment was based

---

[8] Plaintiff stated "Jana Osbey assigned a lot more work to me than the two other HLA Specialists, which resulted in me being overwhelmed with the workload I was responsible for. I was responsible for Flow Cytometry, ordering agents for the lab, analyzing hundreds of anti-body analysis on a daily basis, training residents and doctors on lab procedures, writing lab procedures, and reviewing flow cross matches. In contrast, even though the other two HLA Specialists (Hongjie Ding and Yanmin Luo) had the same job title and job description, they only worked on DNA sequencing and analysis. They had none of the other responsibilities I was tasked with, and they never had to get cross-trained on multiple tasks and responsibilities like I did." Pl.'s Aff. ¶¶ 10, 11, ECF 50-1 at 3.

on his age. *See Owens*, 33 F.4th at 827 (finding the plaintiff did not produce evidence of disparate treatment amounting to pretext when the plaintiff did not identify an employee with misconduct similar to the reason the employer gave for the plaintiff's termination). Likewise, Plaintiff presented no evidence showing discriminatory animus based on his age was behind Ms. Osbey's assignment of extra work to him. The fact that they had different responsibilities tends to show that Plaintiff is not similarly situated to either Mr. Luo or Ms. Ding. *See Owens*, 33 F.4th at 827 (evidence of an employee with the same job title alone is insufficient to show the employee was similarly situated to the plaintiff).

Moreover, Plaintiff's counsel conceded at oral argument that there was no evidence of pretext that was not based on Plaintiff's subjective belief. A "[plaintiff] cannot establish pretext solely by relying on h[is] subjective belief that unlawful conduct occurred." *DeVoss v. Sw. Airlines Co*., 903 F.3d 487, 492 (5th Cir. 2018). Accordingly, Plaintiff's attempt to establish pretext for age discrimination through evidence of disparate treatment fails. *Vaughn*, 665 F.3d at 637.

Thus, Plaintiff did not establish a fact issue as to whether the proffered reasons were a pretext for age discrimination.[9] *See Ng-A-Mann v. Sears, Roebuck & Co*.,

---

[9] Defendant also argues that "Plaintiff cannot establish pretext for discrimination because Plaintiff shares the same protected categories as management and decision makers." ECF No. 45 at 16; *see also* ECF No. 45 at 24-25. However, the Court concludes that, on this record, the impact of the age of Defendant's decision makers and management on the inference of discrimination is of no consequence.

627 F. App'x 339, 342–43 (5th Cir. 2015) (holding that because the plaintiff presented no competent summary judgment evidence to suggest that the employer's proffered reason for the plaintiff's termination was pretext, no genuine dispute of material fact existed as to the plaintiff's discrimination claim).

## IV.   CONCLUSION

Therefore, the Court recommends that Defendant's motion for summary judgment, ECF No. 45, should be **GRANTED**, Plaintiff's claims against Defendant should be **DISMISSED with prejudice**, and Defendant's objections to Plaintiff's summary judgment evidence, ECF. No 52, be **DENIED** as moot.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 23, 2022, at Houston, Texas.


_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**

33